FILED BY [illegible] D.C.

05 DEC -7 PM 3:48

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ROBERT E. ("BOB") GIVEN, d/b/a )
R.J.R. PAINTING,              )
                              )
        Plaintiff,            )
                              )
v.                            )   No. <u>05-2136 B/P</u>
                              )
                              )
R & R MANAGEMENT, LLC,        )
                              )
        Defendant.            )

---

## REPORT AND RECOMMENDATION

---

Before the court is defendant R & R Management, LLC's ("R & R") Motion to Set Aside Default Judgment of Plaintiff, Robert E. ("Bob") Given d/b/a R.J.R. Painting, filed on July 21, 2005 (dkt #7). Plaintiff Given filed his response in opposition on August 18, 2005. R & R filed a reply on August 30, 2005. On August 1, the motion was referred to the magistrate judge for a report and recommendation. For the reasons below, the court recommends that R & R's motion be GRANTED.

### I. PROPOSED FINDINGS OF FACT

On February 18, 2005, Given filed a complaint against R & R, alleging breach of contract and fraudulent inducement arising from a contract signed and performed in Marshall, Texas. On that same day, Given mailed a copy of the complaint and a request for waiver

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-7-05

of service to Joseph Rivani, R & R's registered agent and part owner. In March, 2005, R & R, through Joseph Ramani, contacted Given's attorney and indicated that it wanted to settle Given's claim. Given's attorney responded with a settlement offer, and reminded R & R that it had not returned its waiver of service nor filed an answer and advised R & R to retain counsel to defend against Given's complaint. On March 24, 2005, R & R rejected Given's settlement offer. In response to R & R's rejection, Given's attorney indicated that Given intended to resolve the dispute at trial, and again advised R & R to hire an attorney.

On May 27, 2005, Given's attorney sent R & R a reminder that it had failed to return the waiver of service and indicated that if R & R did not do so by May 31, Given would administer formal service of summons upon R & R and the costs associated with such service would be assessed to R & R. On June 2, R & R faxed a copy of the waiver of service to Given's attorney. In his responsive letter indicating that he had received the faxed copy of the waiver of service, Given's attorney reminded R & R that it had not filed a response to Given's complaint. Given's attorney declared that if R & R failed to properly answer Given's complaint by June 30, he would "seek whatever remedies" available to Given. Given's attorney received the mailed original waiver of service on June 7, 109 days after Given's attorney mailed the request for waiver of service to R & R.

On June 21, Ramani asked the court to reset a scheduling conference that was originally scheduled for June 23. Ramani indicated that he believed his insurance company was obligated to provide an attorney for his case, but had not yet been told whether an attorney would be provided. Counsel for Given did not object to Ramani's request for a continuance, and the court reset the scheduling conference for July 14, 2005. Nevertheless, on June 30, Ramani called the offices of Given's attorney and stated that R & R would not be answering Given's complaint and that it was "going to do [its] own thing." (Barajas Aff. ¶ 3). On July 1, Given filed a request for entry of default and default judgment, the waiver of service of summons signed by R & R's agent, Given's affidavit, Given's attorney's affidavit, and a copy of the original complaint. On July 5, the clerk entered a default judgment against R & R pursuant to Fed. R. Civ. P. 55(b)(1).

On July 21, R & R filed the present motion, requesting the court to set aside the entry of default judgment. R & R argues that the default judgment should be set aside because (1) Given's service of process was insufficient; (2) R & R made an appearance in this case before the entry of default; and (3) Given will not be prejudiced if the court sets aside the entry of default judgment, R & R has several meritorious defenses to Given's claim,[1] and R &

---

[1] R & R argues, *inter alia*, that this court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. R & R contends that, although Given sought

-3-

R's conduct was not culpable in leading to the default.

## II. PROPOSED CONCLUSIONS OF LAW

A. Insufficient Service of Process

R & R argues that Given's claim against R & R has not accrued because R & R "did not timely return the waiver of service of process form within thirty days." (Def.'s Mem. in Support at 5). R & R further contends that Given failed to effect proper service because he did not file a signed waiver of service of summons with the court before moving for default judgment.

Federal Rule of Civil Procedure 4(d) permits a plaintiff to "eliminate the costs of service of a summons" by obtaining waiver of formal service by the defendant. Fed. R. Civ. P. 4(d) advisory committee's note (1993). Rule 4(d)(3) provides an incentive for the defendant to comply with the plaintiff's request for waiver: "A defendant that . . . timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent . . . ." Fed. R. Civ. P. 4(d)(3); Cf. Fed. R. Civ. P. 12(a)(1)(A)

---

damages of $88,773 in his complaint, the amount at issue is lower than $75,000 by virtue of R & R's satisfaction of a "significant amount." (Def.'s Mem. in Support at 11). A good faith allegation of the jurisdictional amount is controlling unless it appears to a legal certainty from the complaint or other proof that the plaintiff cannot in good faith claim the jurisdictional amount. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938); Capital Law v. Viar, 338 F.Supp.2d 891, 895 (W.D. Tenn. 2004). Given's complaint makes a showing sufficient to confer subject matter jurisdiction on this court based on diversity of citizenship.

(requiring a defendant to file an answer "within 20 days after being served with the summons and complaint"). The Rule further provides that a plaintiff seeking waiver of formal service "shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent . . . ." Fed. R. Civ. P. 4(d)(2)(F).

R & R misunderstands the purpose of the time period in Rule 4(d)(2)(F) by arguing that Given's claim has not accrued due to R & R's failure to return the waiver of service form within 30 days of its mailing. The provision requires the plaintiff to allow the defendant a "reasonable time" - not less than 30 days - to respond to the plaintiff's request for waiver of service. If the defendant fails to comply with the plaintiff's request within a reasonable time, the plaintiff may serve formal process upon the defendant at the defendant's expense. Fed. R. Civ. P. 4(d). Rule 4(d)(2)(F) does not render Given's service of process deficient based on the fact that R & R waived formal service more than 30 days after the plaintiff sent the request.[2]

R & R's second challenge to the sufficiency of service also fails under Rule 4. R & R argues that Given has failed to file the

---

[2] Rule 4 is unclear as to the time allotted for a defendant who, as in the present case, untimely waives formal service. Nonetheless, the court concludes that reading Rule 4 in a light most favorable to the defendant, R & R had 20 days from the date it waived formal service. Thus, Given's motion for default on July 1, more than 20 days after R & R waived formal service, was not premature.

returned waiver of service, and therefore R & R is not required to file a response to Given's complaint. See <u>O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.</u>, 340 F.3d 345, 354-55 (6th Cir. 2003) (holding that service was insufficient where plaintiff failed to receive consent to waive service and, therefore, motion to set aside default judgment should be granted).

This case, however, differs substantially from <u>O.J. Distributing</u>. First, it is undisputed that Given did in fact receive consent from R & R to waive service. Second, Given filed the signed waiver of service with the court on July 1 as an attached exhibit to his Request for Entry of Default & Default Judgment.[3] Rule 4(d)(3) provides that a defendant who waives formal service must file a responsive pleading within 60 days from the date on which the request for waiver of service was originally sent to the defendant. As Given sent the request for waiver of service on February 18, the entry of default on July 1 was not premature. Because Given did in fact receive a waiver of service pursuant to Rule 4(d) and filed that waiver with the court as an attachment to its motion for default, the court submits that the clerk's entry of default judgment should not be set aside on the basis of insufficient service.

---

[3] Upon receipt of the signed waiver of service on June 7, Given's attorney attempted to file the waiver with the clerk's office. The clerk's office informed Given's attorney that it did not file waivers and instructed him to keep the waiver in his files. (Higginbotham Aff. ¶ 2).

-6-

## B. Entry of Default Improper Because R & R Made an Appearance Prior to Entry of Default

As the second basis for its motion to set aside the default judgment, R & R argues that through its contacts with Given's attorney, R & R had made an "appearance" in this case under Fed. R. Civ. P. 55 prior to the entry of default. Consequently, the entry of default judgment by the clerk pursuant to Rule 55(b)(1) was improper and must be set aside.[4] Given argues that R & R did not indicate a "clear purpose to defend the suit" and, therefore, did not make an appearance under Rule 55. See Key Bank of Maine v. Tablecloth Textile Co. Corp., 74 F.3d 349, 353 (1st Cir. 1996) (requiring defendant to demonstrate a "clear purpose to defend the suit" in order to have made an "appearance" under Rule 55). The court submits that R & R made an appearance in this case prior to the entry of default judgment, and therefore entry of default judgment by the clerk was void under Rule 55(b)(1).

Fed. R. Civ. P. 55 authorizes the clerk to enter default against a defendant when that party "has failed to plead or

---

[4]In R & R's Memorandum in Support of Its Motion to Set Aside Default Judgment of Plaintiff, R & R argues that because it made an appearance in this case, Rule 55(b)(2) required written notice of Given's intention to move for default judgment. Default judgment in this case was entered by the clerk pursuant to Rule 55(b)(1), rather than by the court under Rule 55(b)(2). This court will therefore address R & R's motion under the requirements and restrictions of Rule 55(b)(1) rather than under Rule 55(b)(2). The court further notes that the threshold question – whether R & R made an "appearance" in this case prior to the entry of default judgment – is the same under either Rule 55(b)(1) or Rule 55(b)(2).

otherwise defend" against a plaintiff's claim. Fed. R. Civ. P. 55(a). Rule 55(b)(1) empowers the clerk to enter default judgment against a defendant in limited circumstances:

> When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, *if the defendant has been defaulted for failure to appear* and is not an infant or incompetent person.

Fed. R. Civ. P. 55(b)(1) (emphasis added). It is undisputed that R & R did not file a responsive pleading, or otherwise make a formal appearance, in this case prior to the clerk's entry of default on July 5.

Although "appearance" in an action usually involves some filing with the court, informal contacts between parties may establish an appearance if they "indicate [that] the defaulting party intends to defend the suit." Lutomski v. Panther Valley Coin Exchange, 653 F.2d 270, 271 (6th Cir. 1981); see also Key Bank, 74 F.3d at 353 (requiring a defendant to indicate "to the moving party a clear purpose to defend the suit"); H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970) (same). The court finds that prior to the entry of default on July 5, R & R made enough informal contacts with Given and the court to establish an intent to defend its claim. Because R & R made an appearance in this case, the clerk's entry of default judgment pursuant to Rule 55(b)(1) was void and should be set

aside.

Engaging in settlement negotiations with the plaintiff has repeatedly been found to demonstrate an intent to defend against a claim sufficient to establish an appearance in an action. See Key Bank, 74 F.3d at 353-54 (finding that defendant "appeared" where parties engaged in extensive settlement negotiations); Muniz v. Vidal, 739 F.2d 699, 700-01 (1st Cir. 1984) (finding that defendant appeared where parties entered into settlement negotiations and defendant announced an intention to file counterclaims and raise defenses). The court acknowledges that the settlement negotiations between Given and R & R were minimal. Ramani contacted Given's attorney in early March seeking a settlement in the case. Given's attorney responded with a settlement offer on March 10. R & R rejected that offer on March 24. Although Ramani claims that at the time Given sought entry of default "negotiations were ongoing and the parties were trying to work out a settlement agreement," (Ramani Aff. ¶ 10) the record does not indicate that any further settlement negotiations took place after March 24.

Nonetheless, between March and July, R & R asserted several defenses to Given's complaint, as Ramani informed counsel for Given that R & R believed that Given had sued the wrong entity and that R & R disputed the amount of damages Given was seeking in his complaint. (Ramani Aff. ¶ 11). R & R's assertion of defenses demonstrated an intent to defend against Given's complaint, and

-9-

such a finding is consistent with decisions by courts that have considered the issue. See Muniz, 739 F.2d at 701 (finding that defendant's acts, "particularly the presentation of defenses and counterclaims to opposing counsel," demonstrated an intent to defend); Lutomski, 653 F.2d at 271 (finding appearance where defendants informed plaintiffs that damages sought were excessive); H.F. Livermore, 432 F.2d at 691 (finding an intent to defend where defense counsel remarked to plaintiff's counsel that the case was in "a tough court and [plaintiff] would have difficulty getting a judgment").

Further, Ramani's request for a continuance and disclosure that he was attempting to retain counsel buttresses his argument that R & R had evidenced an intent to defend against Given's complaint. As counsel for Given was notified of R & R's intent to seek a continuance, Given was aware that R & R intended to dispute Given's claim on the merits. A similar request for an extension of time has been found to constitute an "appearance" under Rule 55. See Charlton L. Davis & Co., P.C. v. Fedder Data Center, Inc., 556 F.2d 308, 309 (5th Cir. 1977) (finding appearance where defendant communicated with counsel for plaintiff, "indicating an intent to defend and requesting an extension of time").

Rule 55(b)(1) authorizes the clerk to enter default judgment against a party "if the defendant has been defaulted for failure to appear." Fed. R. Civ. P. 55(b)(1). Because the court finds that

R & R made an appearance in this case prior to the entry of default, Rule 55(b)(1) is inapplicable and the entry of default judgment by the clerk is void. See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc., 840 F.2d 685, 689 (9th Cir. 1988) ("A default entered by the clerk [in violation of Rule 55(b)(1)] is void *ab initio*").

Having found the clerk's entry of default to be in error, it is unnecessary for this court to consider R & R's motion in light of Rule 60(b) and the Sixth Circuit's requirements for setting aside an entry of default judgment as set forth in Weiss v. St. Paul Fire & Marine Ins. Co., 283 F.3d 790, 794 (6th Cir. 2002).

C. **Sanctions**

Although the court submits that the default judgment entered against R & R is void and should be set aside, it is troubled by R & R's response to Given's complaint. The court finds that R & R was culpable in leading to the entry of default in its inexplicable failure to file a response to Given's complaint, despite several warnings by Given's counsel of the adverse consequences that R & R could face as a result of its idleness. Had R & R responded to Given's complaint and complied with the Federal Rules of Civil Procedure, Given would not have incurred the expense of moving for default and opposing R & R's instant motion. In fact, Given did not move for default until after Ramani told him that R & R would "do [its] own thing." (Barajas Aff. ¶ 3). Thus,

the court recommends that R & R be ordered to reimburse Given for those costs incurred in seeking the entry of default by the clerk and in opposing R & R's motion to set aside the entry of default.[5]

### III. RECOMMENDATION

For the reasons above, the court recommends that Defendant's Motion to Set Aside Default Judgment of Plaintiff be GRANTED. The court further recommends that defendant be ordered to reimburse plaintiff for those costs incurred in seeking the entry of default by the clerk and in opposing R & R's motion to set aside the entry of default. Within seven (7) days from the date of this Report and Recommendation, Given shall file an affidavit with the court, with service upon the defendant, setting forth in detail the expenses incurred as a result of seeking entry of default and responding to R & R's motion to set aside the entry of default.

Respectfully Submitted.

_/s/ Tu Pham_
TU M. PHAM
United States Magistrate Judge

_December 7, 2005_
Date

---

[5] 28 U.S.C. § 1927 authorizes the court to assess attorney's fees to any person "who so multiplies the proceedings in any case unreasonably and vexatiously. . . ." See Hart v. Parks, No. 00-07428, 2001 U.S. Dist. LEXIS 24331, at *16 n.15 (C.D. Cal. May 31, 2001) (setting aside entry of default and sanctioning defendant).

-12-

NOTICE

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 27 in case 2:05-CV-02136 was distributed by fax, mail, or direct printing on December 7, 2005 to the parties listed.

---

M.E. Buck Dougherty
LESS GETZ & LIPMAN, PLLC
100 Peabody Place
Suite 1000
Memphis, TN 38103

Greg Hays
OZMENT COPELAND & HAYS
138 N. Third St.
2nd Floor
Mmephis, TN 38103

Clifton M. Lipman
LESS GETZ & LIPMAN
100 Peabody Place
Ste. 1000
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT