IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ROBERT E. ("BOB") GIVEN
d/b/a R.J.R. PAINTING,

    Plaintiff,

v.                                                                 No. 05-2136 B

R & R MANAGEMENT, LLC,

    Defendant.
_____

ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION AND REFERRING TO
MAGISTRATE JUDGE FOR HEARING ON DAMAGES
_____

       This action was brought by the Plaintiff, Robert E. Given d/b/a R.J.R. Painting ("Given"), on February 18, 2005 alleging breach of contract. On July 5, 2005, default judgment was entered against the Defendant, R & R Management, LLC ("R&R"). Some two weeks thereafter, the Defendant moved to set aside the judgment. The motion was referred to the magistrate judge, who recommended on December 7, 2005 that the default judgment be set aside. The magistrate judge further recommended that sanctions be assessed against the Defendant in the amount of the Plaintiff's costs incurred in seeking entry of the default judgment and opposing R&R's motion to set it aside. To that end, the magistrate judge directed counsel for the Plaintiff to submit an affidavit of fees and expenses for the Court's review. On December 29, 2005, the magistrate judge submitted a supplemental report and recommendation in which he concluded that $5,390--one-half of the amount claimed--should be awarded to Given. Objections have been filed to both reports and by both parties.

       The Plaintiff avers in its objections that the recommendation submitted by the magistrate

judge was in error as to the merits of the underlying motion. In its objections, R&R takes issue not with the findings and recommendations with respect to its motion to side aside the default judgment, but, rather, argues that the magistrate judge lacked the legal authority to impose sanctions upon it and, even if he possessed such authority, that the award was excessive. As they go to the merits of the motion, the Court will first address the objections posed by Given. In doing so, the Court is required to make a de novo review upon the record of those portions of the magistrate judge's report and recommendation to which objections have been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Fenner v. Berghuis, No. 1:03-CV162, 2006 WL 374171, at *1 (W.D. Mich. Feb. 17, 2006). Under such a review, the district judge may accept, reject, or modify any of the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74, 680, 100 S.Ct. 2406, 2411-12, 2415, 65 L.Ed.2d 424 (1980); Victoria's Secret Stores v. Artco Eq. Co., Inc., 194 F.Supp.2d 704, 715 (S.D. Ohio 2002).

The magistrate judge's proposed findings of fact, which the Court deems it necessary to reiterate here and to which neither party has objected, are as follows:

> On February 18, 2005, Given filed a complaint against R&R, alleging breach of contract and fraudulent inducement arising from a contract signed and performed in Marshall, Texas. On that same day, Given mailed a copy of the complaint and a request for waiver of service to Joseph [Ramani], R&R's registered agent and part owner. In March, 2005, R&R, through Joseph [Ramani] contacted Given's attorney and indicated that it wanted to settle Given's claim. Given's attorney responded with a settlement offer, and reminded R&R that it had not returned its waiver of service nor filed an answer and advised R&R to retain counsel to defend against Given's complaint. On March 24, 2005, R&R rejected Given's settlement offer. In response to R&R's rejection, Given's attorney indicated that Given intended to resolve the dispute at trial, and again advised R&R to hire an attorney.

> On May 27, 2005, Given's attorney sent R&R a reminder that it failed to return the waiver of service and indicated that if R&R did not do so by May 31, Given would administer formal service of summons upon R&R and the costs associated with such

> service would be assessed to R&R.  On June 2, R&R faxed a copy of the waiver of service to Given's attorney.  In his responsive letter indicating that he had received the faxed copy of the waiver of service, Given's attorney reminded R&R that it had not filed a response to Given's complaint.  Given's attorney declared that if R&R failed to properly answer Given's complaint by June 30, he would "seek whatever remedies" available to Given.  Given's attorney received the mailed original waiver of service on June 7, 109 days after Given's attorney mailed the request for waiver of service to R&R.
>
> On June 21, [Ramani] asked the court to reset a scheduling conference that was originally scheduled for June 23.  [Ramani] indicated that he believed his insurance company was obligated to provide an attorney for his case, but had not yet been told whether an attorney would be provided.  Counsel for Given did not object to [Ramani]'s request for a continuance, and the court reset the scheduling conference for July 14, 2005.  Nevertheless, on June 30, [Ramani] called the offices of Given's attorney and stated that R&R would not be answering Given's complaint and that it was "going to do [its] own thing."  On July 1, Given filed a request for entry of default and default judgment, the waiver of service of summons signed by R&R's agent, Given's affidavit, Given's attorney's affidavit, and a copy of the original complaint.  On July 5, the clerk entered a default judgment against R&R pursuant to Fed. R. Civ. P. 55(b)(1).
>
> On July 21, R&R filed the present motion, requesting the court to set aside the entry of default judgment. . . .

(Report & Recommendation at 1-3) (internal citations omitted).  In addition to the facts set forth in the Report and Recommendation, Ramani stated in his affidavit, filed contemporaneously with the motion to set aside the default judgment, that he "had . . . been in communication with [Plaintiff's counsel] for several months and was attempting to negotiate a settlement of the current litigation with his client.  It was [his] understanding that negotiations were ongoing and the parties were trying to work out a settlement agreement."  (Aff. of Joseph Ramani ("Ramani Aff.") at ¶ 10.)  He further averred therein that, throughout the negotiations he had advised Plaintiff's attorney that the wrong entity had been sued and that he disputed the amount of damages sought.  (Ramani Aff. at ¶ 11.)  While counsel for the Plaintiff made at least one vague reference to taking some action if Ramani did not obtain counsel, its lawyer did not forward notice of its request for entry of default or for

3

default judgment to Ramani, even though counsel had on a previous occasion forwarded to him a copy of a letter to the Court concerning a proposed scheduling order in the case.

In its motion to set aside the default judgment, the Defendant argued that (1) it did not receive proper service of process; (2) it made an appearance in the case prior to entry of default; and (3) Given would not be prejudiced if the default judgment were to be set aside. The magistrate judge concluded that R&R had made an appearance prior to entry of the default judgment and, therefore, recommended that the default judgment be set aside. The Plaintiff avers that this finding constituted error.

Rule 55 authorizes the clerk of court to enter default against "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . ." Fed. R. Civ. P. 55(a). Subparagraph (b) of the Rule further provides that

> [w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can be computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, *if the defendant has been defaulted for failure to appear* and is not an infant or incompetent person.

Fed. R. Civ. P. 55(b)(1) (emphasis added). Thus, default judgment may be entered against a party who has failed to appear. Generally speaking, "appearance in an action requires a formal submission to the Court." New York v. Green, 420 F.3d 99, 105 (2d Cir. 2005). It is undisputed that R&R did not file a responsive pleading in this case or otherwise make a formal appearance. Consequently, the dispute before the Court focuses on the meaning of "appearance" for purposes of Rule 55 and whether something less than a formal appearance is permissible.

In Lutomski v. Panther Valley Coin Exchange, 653 F.2d 270 (6th Cir. 1981), the Sixth Circuit addressed the type of contacts required to constitute an appearance under Rule 55 in a case

4

involving two contacts by the defendants with the plaintiffs requesting and receiving additional time to respond.  The court observed that,

> [t]hough it is true that defendants made no formal appearance and filed no papers, courts now look beyond the presence or absence of such formal actions to examine other evidence of active representation.  Several cases have held that informal contacts between parties may constitute an appearance.  The contacts must indicate the defaulting party intends to defend the suit.

Lutomski, 653 F.2d at 271 (citation and internal quotation marks omitted).  Courts in other circuits have similarly found informal contacts sufficient where there has been an indication of a clear intention to defend the suit.  See Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 936-37 (5th Cir. 1999); Key Bank of Maine v. Tablecloth Textile Co. Corp., 74 F.3d 349, 353 (1st Cir. 1996); H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970).

It was the opinion of the magistrate judge that, "prior to the entry of default on July 5, R&R made enough informal contacts with Given and the court to establish an intent to defend its claim." (Report & Recommendation at 8.)  While it is perhaps a close question, the Court agrees with the decision of the magistrate judge, and the Plaintiff has offered no case law convincing the Court otherwise.  See Sexton v. M/V SILVER HAPPINESS, No. 97-CV-0148, 1997 WL 642348, at *4 (E.D.N.Y. Sept. 9, 1997) ("faced with an informal response to a complaint, courts have routinely found that an appearance has been made," citing cases).

Courts have held that requests for extensions of time may constitute an appearance.  See Lutomski, 653 F.2d at 271; Charlton L. Davis & Co., P.C. v. Fedder Data Ctr., Inc., 556 F.2d 308, 308-09 (5th Cir. 1977).  Moreover, an appearance has been held to have been made where letters were exchanged between the parties in what the court viewed as a normal effort to determine

5

whether the matter could be resolved by agreement and where the parties assumed that if settlement could not be reached the suit would be contested. See H.F. Livermore Corp., 432 F.2d at 692. Similar circumstances are present in this case.

Therefore, based on a de novo review of the report and recommendation as well as the pleadings of the parties, it is the conclusion of the undersigned that the decision of the magistrate judge that the default judgment should be set aside was not in error. Accordingly, the Plaintiff's objections to the report and recommendation are OVERRULED and the report and recommendation is ADOPTED IN PART as to the magistrate judge's recommendation concerning the motion to set aside the default judgment. As a consequence, the default judgment entered by the Court is hereby SET ASIDE. Further, since the Defendant has not requested that the default itself be set aside, this matter is hereby REFERRED to the magistrate judge for a hearing on damages.

The Court now turns to the Defendant's objections to the report and recommendation, as supplemented, with respect to the magistrate judge's recommendation that sanctions be imposed upon the Defendant. The magistrate judge found that R&R was

> culpable in leading to the entry of default in its inexplicable failure to file a response to Given's complaint, despite several warnings by Given's counsel of the adverse consequences that R&R could face as a result of its idleness. Had R&R responded to Given's complaint and complied with the Federal Rules of Civil Procedure, Given would not have incurred the expense of moving for default and opposing R&R's instant motion [to set aside the default judgment]

(Report & Recommendation at 11.) In a footnote, the magistrate judge opined that 28 U.S.C. § 1927 authorizes the court to assess attorney's fees to a person "who so multiplies the proceedings in any case unreasonably and vexatiously," citing Hart v. Parks, No. 00-07428, 2001 U.S. Dist. LEXIS 24331, at *16 n.15 (C.D. Cal. May 31, 2001).

However, as the Defendant points out, the statute provides in its entirety as follows:

> *Any attorney or other person admitted to conduct cases in any court* of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (emphasis added). Therefore, by its terms, § 1927 applies *only* to the conduct of counsel, and has been interpreted thusly. As the Sixth Circuit stated in Wilson-Simmons v. Lake County Sheriff's Dep't, 207 F.3d 818, 824 (6th Cir. 2000), reh'g and suggestion for reh'g en banc denied (May 4, 2000),

> [s]anctions under §1927 are warranted when an attorney has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party. An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to *carte blanche* to burden the federal courts by pursuing claims that are frivolous on the merits. Accordingly when an attorney knows *or reasonably should know* that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney.

Wilson-Simmons, 207 F.3d at 824 (internal citations and quotation marks omitted) (emphasis in original); see also Procter & Gamble Co. v. Amway Corp., 280 F.3d 519, 525 & n.5 (5th Cir. 2002) (under § 1927, "[t]he court can shift fees only to counsel, not to parties"); Ted Lapidus, S.A. v. Vann, 112 F.3d 91, 96 (2d Cir), cert. denied, 522 U.S. 932, 118 S.Ct. 337, 139 L.Ed.2d 262 (1997) (§ 1927 applies only to lawyers); Bolivar v. Pocklington, 975 F.2d 28, 33 n.13 (1st Cir. 1992) (§ 1927 sanctions "cannot be imposed on client"); Ellipsis, Inc. v. Color Works, Inc., No. 03-2939BV, 2005 WL 3466566, at *7 (W.D. Tenn. Dec. 16, 2005) (statute applies only to counsel, not the client).

Because there has been no allegation by the Plaintiff of culpability on the part of Defendant's lawyers, § 1927 does not provide a basis for an award of attorney's fees. Therefore, the Defendant's objection to that portion of the report and recommendation, as supplemented, recommending an

award of attorney's fees is GRANTED. As the Court declines to adopt the magistrate judge's recommendation with respect to an award of sanctions to the Plaintiff under § 1927,[1] no such award will be ordered by the Court.

IT IS SO ORDERED this 3rd day of March, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1] Based on the Court's finding, it is, of course, not necessary to address the reasonableness of the award recommended by the magistrate judge.